## Samuels v. Commonwealth.

(Decided April 29, 1932.)

524

ROSCOE CONKLING, M JOSEPH SCHMITT and R. BOYD BOBERTSON, for appellant.

BAILEY P. WOOTTON, Attorney General, and WILLIAM R. ATTKISSON, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Reversing.

C. W. Samuels held the office of justice of the peace in district 8, of Jefferson County. He was indicted for malfeasance in office. On the first trial of the case the jury did not agree. On the second trial the jury found him guilty, and fixed his fine at $100. The court entered judgment for the fine, also removing him from office. He appeals.

The first question made in the case is that the motion for a new trial cannot be considered. By section 273 of the Criminal Code of Practice, an application for a new trial must be made at the same term at which the verdict is rendered unless the judgment is postponed to another term. By section 274 the grounds must be stated in writing and filed at the time of making the motion.

The record shows that, when the jury returned their verdict on June 23, 1931, the court entered judgment upon it, then there is this entry:

"Comes the defendant by counsel and orally moves the court for a new trial herein.

"The court being advised, ordered that said motion be and is overruled, to which the defendant by counsel excepts.

"Comes the defendant by counsel and prays an appeal to the Court of Appeals of Kentucky, which appeal is hereby granted.

"It is therefore ordered by the court that the defendant be and is given sixty days time in which to prepare and file his Bill of Exceptions and Transscript of Testimony herein."

On August 18, 1931, the court extended the time for filing the bill of exceptions 60 days. On September 24, the defendant tendered and moved to file a written motion for a new trial and grounds as of June 23, 1931, in these words:

"Defendant by counsel hereby tenders the said motion and moves the court that the same be filed as of June 23, in accordance with the agreement of counsel supplementing an oral motion stating all the grounds set forth in the attached written motion, said oral motion having been overruled at the time of making, and files herewith affidavit of counsel."

The court overruled the motion. The bill of exceptions was filed in time, and includes the written grounds for a new trial. It also contains the following:

"After the rendition of the verdict finding defendant guilty, he filed on June 23rd, 1931, an oral motion for a new trial. At the time of making the oral motion for a new trial, it was agreed between the attorney for the Commonwealth and the attorneys for the defendant that the motion for a new trial in writing might be filed at a later date."

While the practice in this case was irregular and is not to be commended, it is apparent from the record as a whole that what the parties meant was that time was to be given to file the bill of exceptions, and the grounds for a new trial were to be filed in the meantime. The agreement being simply that the grounds for a new trial might be filed later, the commonwealth cannot maintain that there was a limit to any number of days, for, if such a limitation was intended, it should have been expressed, and the commonwealth will not be allowed to mislead the defendant and thus defeat his right of appeal.

The charge against the defendant is stated in the indictment in these words:

"That the said C. W. Samuels, in the said county of Jefferson, on the ——— day of February, 1931, and within twelve months next before the finding of this indictment, did wilfully, wrongfully, unjustly and corruptly and unlawfully, order L. C. Willis, Constable of the Eighth Magisterial District, to refrain from summoning a jury to try the case of Commonwealth of Kentucky vs. Clifton Harris,

Edgar Crawford, Theodore Green and William Meagher, which said case was to be tried on Feb. 9, 1931, in said court, and the said Samuels summoned jurors to try said case and at the time told them the nature of the case and indicated by his conversation that a verdict of guilty was expected and by his instruction to the jury he indicated that defendants should be found guilty; contrary to the form of the Statute in such cases made and provided and against the peace and dignity of the Commonwealth of Kentucky.''

Instruction No. 1, given by the court to the jury, under which defendant was convicted, is in these words:

"No. 1. If the jury believe from the evidence in this case beyond a reasonable doubt, that the defendant C. W. Samuels, in the county of Jefferson and within twelve months before the 9th of March, 1931, the day on which the indictment was returned in this case, was a Justice of the Peace and that within said time he did wilfully, unlawfully and corruptly in person summon a jury to try the case of the Commonwealth of Kentucky vs. Clifton Harris, Edgar Crawford, Theodore Green and William Meagher then pending in his court, and indicated to said jurors, or to any of them in any way, that he expected a verdict of guilty in said cases, then they will find the defendant guilty, as charged in the indictment, and fix his punishment at a fine of not less than $100.00 nor more than $1,000.00 in the discretion of the jury.''

It is insisted for appellant that the demurrer to the indictment should have been sustained. The indictment sufficiently charges that the defendant did "wilfully, wrongfully, unjustly, corruptly and unlawfully, order L. C. Willis, Constable of the Eighth Magisterial District, to refrain from summoning a jury to try the case.'' If the appellant did this willfully and corruptly, he committed an indictable offense, and the demurrer was properly overruled.

But, although the indictment is good to the extent above stated, this is the only offense sufficiently charged in the indictment, which must be read in its plain grammatical meaning. The words "wilfully, wrongfully, unjustly and corruptly,'' being placed between the word

"did" and the word "order," do not grammatically extend to the other acts alleged in the indictment, and, none of these acts being alleged to be done willfully, wrongfully, unjustly or corruptly, these matters should not have been submitted to the jury by the instructions of the court; for none of them was ground for the charge of malfeasance in office unless done willfully and corruptly.

It will also be observed that by the instruction which the court gave the jury he did not submit to them the question whether appellant did willfully, wrongfully, unjustly, or corruptly order L. C. Willis, the constable, to refrain from summoning a jury to try the case, but only submitted to them the question whether appellant did willfully, unlawfully, and corruptly summon a jury to try the case, and indicated to the jurors how they should decide it. The only charge sufficiently made in the indictment was not submitted to the jury; the matters submitted to the jury were not charged in the indictment to be done willfully, corruptly, and wrongfully; in such cases it is often averred at the close of the statement of facts that all the above acts were done willfully, wrongfully, and corruptly, but there is no such averment here; and by the instruction these essential elements in the offense were omitted as to the other acts charged.

All other questions are reserved, as the facts on another trial may be different.

Judgment reversed, and cause remanded for further proceedings consistent herewith.